**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                     **v.**

**JOHN VAN HOESEN,**

                  **Defendant.**
_____

                            **No. 06-CR-394**
                            **(GLS-DRH)**

**APPEARANCES:**             **OF COUNSEL:**

**FOR THE UNITED STATES:**

HON. GLENN T. SUDDABY      RICHARD S. HARTUNIAN, ESQ.
United States Attorney          Assistant U.S. Attorney
Room 231
James T. Foley U.S. Courthouse
Albany, New York 12207-2924

**FOR THE DEFENDANT:**

Office of Mitchell S. Kessler    MITCHELL S. KESSLER, ESQ.
63 Pike Creek Drive
Cohoes, New York 12047

**Gary L. Sharpe**
**U.S. District Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

### I. <u>Introduction</u>

John Van Hoesen is awaiting trial in connection with a multi-defendant gang indictment charging him with conspiring to distribute, and the distribution of, marijuana and crack cocaine.  (*See* Second Superseding Indictment; Dkt. No. 209.)  Without Van Hoesen's consent, his assigned counsel, Mitchell S. Kessler, Esq., moved to declare Van Hoesen mentally incompetent to stand trial or to assist in his own defense.  (*See* Kessler Motion, Dkt. No. 292; *see also* 18 U.S.C. § 4241(d).)

The motion was referred to the Honorable David R. Homer, United States Magistrate Judge, to conduct further proceedings and issue a report and recommendation.  *See* 28 U.S.C. § 636(b)(3); N.D.N.Y. CR. R. 58.1(a)(2)(L).  Judge Homer subsequently issued a report recommending the denial of Kessler's motion and the issuance of an order declaring Van Hoesen mentally competent to stand trial and assist in his defense.  (*See* Dkt. No. 475; hereinafter "R&R".)[1]  Pending are Kessler's timely objections to the R&R, and Van Hoesen's timely objections to Kessler's objections.[2] (Dkt. Nos. 483, 540.)  For the reasons that follow, the R&R is adopted,

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2]Given the dispute between attorney and client, the court elects to consider Van Hoesen's *pro se* submission as a response to his attorney's objections.

Kessler's motion is denied, and the court issues a declaration that Van Hoesen is mentally competent to stand trial and assist in his defense.

## II.  Standard of Review

The court routinely reviews all matters referred to a Magistrate Judge for report and recommendation.  If a party specifically objects to a Magistrate Judge's findings and recommendations, the court reviews the specific objections de novo, *see Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006); *see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y.L.R. 72.1(c), and otherwise typically employs a clearly erroneous standard of review. *See Almonte*, 2006 WL 149049 at *6.  Because Judge Homer was required to resolve competing professional evaluations regarding Van Hoesen's competency and because Van Hoesen and his lawyer have competing views about Judge Homer's conclusions, the court has elected to conduct a de novo review.

"*De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made.  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."  *See Almonte*, 2006 WL 149049, at

3

*5 (citation and internal quotation marks omitted).  Importantly, de novo

review does not require a new hearing, even where witness credibility is at

issue.  *See Santana Products, Inc. v. Sylvester & Ass., LTD.*, No. 06-5615-

cv., 2008 WL 2164658 (2d Cir. May 22, 2008) (citing *United States v.*

*Raddatz*, 447 U.S. 667, 674 (1980)).  Thus, the court has reviewed and

considered the entire underlying record, including the submissions of

Kessler and Van Hoesen.

### III. <u>Van Hoesen's Competency</u>

There is no dispute concerning Judge Homer's recitation of the legal

principles governing the application of 18 U.S.C. § 4241(d).  (*See* R&R at

4-5.)  Competency focuses on a defendant's present ability to consult with

counsel with a reasonable degree of rational understanding, and the

defendant's ability to rationally and factually understand the proceedings

against him.  (*See id.* at 5.)  Relevant factors include medical opinions and

observations of the defendant both by the court and by others in unguarded

moments.  (*See id.*)  Van Hoesen, Kessler and Judge Homer all agree that

Van Hoesen rationally and factually understands the proceedings against

him.  (*See e.g.,* Kessler Objections at 2; Dkt. No. 483.)  Thus, the sole

question is whether Van Hoesen has the present ability to rationally consult

with counsel.

As Judge Homer observed, there were conflicting medical opinions regarding Van Hoesen's ability to rationally consult with counsel.  (*See id.* at 3-4.)  Dr. Ryan, a Bureau of Prisons Forensic Psychologist, concluded that Van Hoesen could not do so because he suffered from a mental disease or defect; namely, Psychotic Disorder Not Otherwise Specified (NOS), Cannabis Abuse, Cocaine Abuse, and Antisocial Personality Disorder.  (*Id.* at 4.)  On the other hand, Dr. Qualtere, a licensed private psychiatrist, found Van Hoesen could rationally consult even though he suffered from a personality disorder; namely, Antisocial Personality Disorder with significant Narcissistic Traits.  (*See id.*)  As Judge Homer correctly concluded, a personality disorder is not normally a mental disease rendering a defendant incompetent.  (*See id.* & fn. 5.)  No party disputes that legal conclusion.  Thus, confronted with a diagnostic conflict, Judge Homer resolved it by balancing the competing opinions with other relevant factors; namely, his personal observations over the course of several lengthy proceedings during which Van Hoesen spoke or testified, and Van Hoesen's behavior in past legal proceedings.

Kessler objects to Judge Homer's resolution of the medical opinions,

essentially arguing that Ryan's opinion was more credible.  (*See* Kessler

Objections; Dkt. No. 483.)  However, the court and Van Hoesen himself

disagree with Kessler's assessment.  In essence, Kessler parses the

language employed by Judge Homer, arguing that he should have drawn a

different conclusion based on the testimony of the experts and the

circumstances of their respective evaluations.  However, Judge Homer was

clearly persuaded not by the battling experts, but rather by his observations

of Van Hoesen and the logical conclusions drawn from Van Hoesen's past.

For the same reasons, this court concurs with Judge Homer's finding of

competence.

Although this court has not had the same extensive personal

interaction with Van Hoesen as has Judge Homer, the court is conversant

with the numerous missives sent by Van Hoesen in which he has

complained about the quality of his current and former representation.  So

too, the court has read the transcript of his competency hearing testimony

and considered his current objections.  The substance of Van Hoesen's

complaints is consistent with similar complaints the court has previously

heard from numerous indigent defendants.  For instance, he argues:

assigned attorneys are "hired by the government;" assigned attorneys have

no incentive to represent indigent defendants with vigor; and assigned attorneys do not devote sufficient time to an indigent client's needs. Naturally, these assertions have no universal truth whatsoever. In the vast majority of cases, the caliber of representation is outstanding. The point, however, is that many indigent defendants erroneously believe that the caliber of appointed representation is subpar - a view that often poisons the relationship between attorney and client. Often, that poisoned relationship induces a client to attempt to micromanage his defense. Thus, the current relationship between Van Hoesen and his lawyer is not atypical, and certainly not indicative of mental incompetence.

Furthermore, Judge Homer accurately documented the extent to which Van Hoesen has employed complaints about assigned counsel in past prosecutions to gain the services of a new lawyer. So too, Judge Homer accurately identified the many past instances when Van Hoesen's mental competence would have been subject to scrutiny had there been a question about his competence. Although everything in Van Hoesen's current behavior is entirely consistent with his past, Dr. Ryan's opinion is the first to ever question his competency.

Given the court's de novo assessment of the underlying record and

the objections of Kessler and Van Hoesen, it concludes that Van Hoesen has the present ability to rationally consult with counsel - the sole question before the court.  Accordingly, the court adopts Judge Homer's report and recommendation, denies Kessler's motion and declares John Van Hoesen mentally competent.  However, given the deterioration of the relationship between Van Hoesen and Kessler as demonstrated by Kessler's motion and by Van Hoesen's response to Kessler's objections, the court remands the issue of Kessler's continued representation of Van Hoesen to Judge Homer for further consideration.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's June 25, 2008 Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that the motion of Mitchell S. Kessler, Esq. to declare John Van Hoesen mentally incompetent to stand trial or to assist in his own defense in accordance with 18 U.S.C. § 4241(d) (Dkt. No. 292) is **DENIED**; and it is further

**ORDERED** that the court declares that John Van Hoesen is mentally competent to stand trial and assist counsel in his defense; and it is further

**ORDERED** that the decision as to whether Mitchell S. Kessler should

8

continue his representation of Van Hoesen as assigned counsel is

remanded to Judge Homer for further consideration in light of this decision;

and it is further

     **ORDERED** that the Clerk provide copies of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

September 16, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge