**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                          **Plaintiff,**                    **06-CR-394-31**
                                                                **(GLS)**

              **v.**

**JOHN VANHOESEN,** _a/k/a,_
_Johnny Cat_**,**

                          **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

HON. ANDREW T. BAXTER          RICHARD S. HARTUNIAN
United States Attorney              Assistant U.S. Attorney
445 Broadway
218 James T. Foley Courthouse
Albany, NY 12207

**FOR THE DEFENDANT:**

JOHN VANHOESEN
_Pro Se_
Ulster County Jail
380 Boulevard
Kingston, NY 12401

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

Pending before the court is defendant John VanHoesen's motion for dismissal or a new trial under FED. R. CRIM. P. 33.  (Dkt. No. 812.)  For the reasons that follow the motion is denied.

## I. Background

On July 26, 2007, VanHoesen was indicted for committing various federal drug crimes.  (See Dkt. Nos. 191, 209.)  Prior to trial, VanHoesen indicated to the court that he wanted to defend his case pro se, in lieu of being represented by his third court appointed counsel, Mr. Cimino.  (See Dkt. No. 736.)  After extensively questioning and cautioning VanHoesen on this course of action, the court granted VanHoesen's request to proceed with trial pro se, though it designated Mr. Cimino as standby counsel.  *Id.* After a jury trial, VanHoesen was convicted on one count of conspiracy to possess with intent to distribute 50 grams or more of crack; one count of possession with intent to distribute crack, and two counts of possession with intent to distribute 5 grams or more of crack.  (See Dkt. No. 769.)

Subsequently, VanHoesen filed the current motion under FED. R. CRIM. P. 33, requesting "dismissal or a new trial on all counts" on grounds that his Sixth and Fourteenth Amendment rights were violated by his

2

assigned counsel, the court and the prosecution.  (See Dkt. No. 812.)

## II.  Standard of Review

FED. R. CRIM. P. 33 directs a trial court to grant a new trial "if the interest of justice so requires."  "The rule by its terms gives the trial court broad discretion ... to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice."  *United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001) (internal quotation marks and citation omitted).  "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice.... There must be a real concern that an innocent person may have been convicted."  *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005) (internal quotation marks and citations omitted).  "Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances."  *Ferguson*, 246 F.3d at 134 (internal quotation marks and citation omitted).

## III.  Discussion

### A.    Ineffective Assistance of Counsel

Initially, the court addresses VanHoesen's contention that Rule 33

relief is appropriate here because he was provided constitutionally ineffective assistance by assigned counsel prior to and after his election to proceed through trial pro se.

### 1.    Prior to Election to Proceed Pro Se

The Sixth Amendment to the Constitution provides that defendants in criminal trials have a right to counsel.  As the Amendment "envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results[,] ... the right to counsel is the right to the effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984) (internal citation and quotation marks omitted).

Where, as here, a defendant was initially represented by assigned counsel, but subsequently elects to proceed pro se, he may allege ineffective assistance of counsel at least up to the point where he began to represent himself.  *See, e.g., Hance v. Zant*, 696 F.2d 940, 950 (11th Cir. 1983), *overruled on other grounds by Brooks v. Kemp*, 762 F.2d 1383 (11th Cir. 1985); *Jelinek v. Costello*, 247 F. Supp. 2d 212, 264 (E.D.N.Y. 2003). A convicted defendant claiming ineffective assistance of counsel must make two showings.  "First, the defendant must show that counsel's representation fell below an objective standard of reasonableness" as

4

measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. In assessing this factor "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  As for the second prong "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687.  While prejudice is presumed in some circumstances - where counsel has a conflict of interest, for example - a defendant must normally "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mindful of these principles, the court finds that VanHoesen has failed to establish that his assigned counsel was constitutionally ineffective prior to his election to proceed pro se.  While VanHoesen claims he was improperly asked about his prior bad acts and crimes by Mr. Cimino, who was purportedly acting as a government agent, no evidence is presented to back up these paranoid allegations.  (*See* Def. Mem. at ¶¶ 7, 9; Dkt. No. 812.)  Indeed, it seems likely that Mr. Cimino's queries were merely a proper attempt to familiarize himself with VanHoesen's history, due to the fact that the government can introduce evidence of prior bad acts or crimes at trial under certain circumstances.  *See* FED. R. EVID. 404(b); *Cf. Cruz v.*

*Greiner*, No. 98 CIV. 7939(AJP), 1999 WL 1043961, at *15 n.5 (listing

cases rejecting ineffective assistance of counsel claims where defense

counsel elicited testimony as to prior bad acts or crimes from defendants).

In any event, VanHoesen's unsupported allegations of improper motive are

insufficient to establish that assigned counsel's representation fell below an

objective standard of reasonableness or prejudiced his defense.

VanHoesen also contends that assigned counsel failed to facilitate

his access to discovery provided on CD-Rom disk.  (*See* Def. Mem. at ¶¶

6, 7, 17; Dkt. No. 812.)  However, as the government notes "[g]reat pains

were taken to ensure that the defendant had access to discovery prior to

trial."  VanHoesen was provided with a hard copy of all *Jencks* material five

days before his trial began.  When VanHoesen indicated he was unable to

view certain surveillance tapes, arrangements were made for him to watch

them on a laptop computer in the courtroom.  (*See* Dkt. No. 736.)  As

VanHoesen has failed to indicate exactly what other discovery he was

deprived of, and how its deprivation prejudiced his defense, the court

declines to grant Rule 33 relief on this ground.

Finally, VanHoesen also seems to assert that assigned counsel

provided constitutionally ineffective assistance by refusing to file various

pretrial motions as requested.  (See Def. Mem. at ¶ 8; Dkt. No. 812.)

However, VanHoesen gives no indication as to the substance of the

motions he wished to have filed.  As such, the court is precluded from

finding that assigned counsel's performance was objectively unreasonable,

or prejudiced VanHoesen's defense in this regard.  Additionally, given

VanHoesen's history in this action, it seems pertinent to note that "[c]ounsel

certainly is not required to engage in the filing of futile or frivolous motions."

*United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987).

Accordingly, VanHoesen was not deprived of effective assistance of

counsel prior to his election to proceed pro se.  As such, the court turns to

the claims of ineffective assistance of standby counsel subsequent to

VanHoesen's election to represent himself.

### 2.  After Election to Proceed Pro Se

A defendant may waive his constitutional right to counsel and choose

to represent himself during criminal proceedings, if such waiver is effected

willingly and intelligently.  *See Faretta v. California*, 422 U.S. 806, 835-36

(1975).  Upon such an election, standby counsel may be appointed to

assist the pro se defendant, as was the case with Mr. Cimino here.  There

is, however, "no constitutional right to hybrid representation where the

7

defendant shared the duties of conducting [his] defense with a lawyer."
*United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) (internal citations, quotation marks and modification omitted).  Accordingly, "without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel" unless " that title [was held] in name only and, in fact, [standby counsel] acted as the defendant's lawyer throughout the proceedings."  *Id.* (internal citations and quotation marks omitted).

In light of these legal principles, the court must reject VanHoesen's claim that he was provided constitutionally ineffective assistance of counsel after his election to proceed pro se.  (See Def. Mem. at ¶¶ 11, 17, 18; Dkt. No. 812.)  After being fully apprised of the consequences and risks of acting in such capacity, VanHoesen willingly and intelligently opted to represent himself during trial.  (*See* Dkt. No. 736.)  While Mr. Cimino certainly provided limited assistance and advice as standby counsel, it cannot be said that he held such title "in name only."  Indeed, VanHoesen himself conducted voir dire, engaged in direct and cross examination, made objections, and read the opening and closing statements.  Under these circumstances, VanHoesen has no grounds to challenge the

effectiveness of his standby counsel.

**B.**   **Other Proffered Grounds for Relief**

In addition to the above, VanHoesen alleges various other errors in the criminal proceeding which he contends merit Rule 33 relief.  He contends that the court erred by refusing to assign him different counsel both before and after his election to proceed pro se.  (See Def. Mem. at ¶¶ 7, 9, 11, 17-19; Dkt. No. 812.)  The court rejects this argument.  While VanHoesen was entitled to effective representation of counsel, he was not "entitled to appointed counsel of his own choosing."  *See United States v. Mills*, 895 F.2d 897, 904 (2d Cir. 1990), *cert denied*, 495 U.S. 951 (1990). VanHoesen was assigned no fewer than three attorneys due to his conflicts with counsel.  Each attorney was capable of effectively representing VanHoesen were it not for his persistent delusion that they were acting as "agents of the government."  Additionally, after VanHoesen willingly and intelligently opted to represent himself, he was not entitled to standby counsel at all, much less one meeting his personal standards.  See *Morrison*, 153 F.3d at 55.  Accordingly, there was no error in the court's refusal to assign VanHoesen a fourth attorney.

VanHoesen also appears to claim he was denied the right to be

informed of the nature and cause of the accusations against him and confront adverse witnesses.  (See Def. Mem. at ¶ 14; Dkt. No. 812.)  Such claims are also without merit.  At the time of arraignment, VanHoesen was provided with a copy of the indictment setting forth the charges pending against him and a "plain, concise and definite written statement of the essential facts constituting the offense charged" as required by FED. R. CRIM. P. 7(c).  Further VanHoesen conducted a cross examination of each government witness, in full satisfaction of his Sixth Amendment right to confront witnesses against him.

Finally, to the extent VanHoesen broadly complains of prosecutorial misconduct, he has presented no facts or evidence to support such allegations, and they are rejected.  (See Def Mem. at ¶ 4; Dkt. No. 812.) VanHoesen's remaining arguments are rejected as without merit.

## IV.  <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that VanHoesen's motion for a new trial or dismissal pursuant to FED. R. CRIM. P. 33 (Dkt. No. 812) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

July 16, 2009
Albany, New York

United States District Court Judge